**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re:** : | |
| : | |
| **DANIEL E. BORKOWSKI, SR.** : | Bankruptcy No.  <u>03-35201JAD</u> |
| a/k/a **DANIEL E. BORKOWSKI,** : | |
| : | |
| **Debtor(s)** : | Chapter 13 |
| : | |
| ************************************** : | |
| **WELLS FARGO HOME MORTGAGE,** : | Doc. # 78 |
| **INC.,** : | |
| : | |
| **Movant(s),** : | |
| v. : | |
| : | |
| **DANIEL E. BORKOWSKI, SR.** : | |
| a/k/a **DANIEL E. BORKOWSKI** and : | |
| **RONDA J. WINNECOUR, Attorney** : | |
| **& Trustee,** : | |
| : | |
| **Respondent(s).** : | |

## <u>MEMORANDUM OPINION</u>

The matter before the Court is the motion of Wells Fargo Home Mortgage, Inc. ("Wells Fargo") to vacate this Court's July 20, 2009 order, in part, by striking all determinations that the mortgage of Wells Fargo was brought current as of the date of the Chapter 13 trustee's last distribution in this case. The motion constitutes a core proceeding over which this Court has proper subject-matter jurisdiction. <u>See</u> 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B), 157(b)(2)(K), 157(b)(2)(O) and 1334(b). This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bank.P. 7052.

00005434.WPD

**I.**

The facts of this case are generally uncontested. The Debtor filed his Chapter 13 case on December 4, 2003, and proposed a repayment plan that provided for the cure and reinstatement of the mortgage lien asserted by Wells Fargo. Subsequently, the repayment plan was amended from time to time. The amendments, like the original repayment plan, were confirmed by orders of the Court upon notice to creditors (including Wells Fargo) and other parties-in-interest. The confirmation order under which the parties were operating was dated November 18, 2004. (See Doc. #52). The confirmed plan provided for monthly payment to Wells Fargo in the amount of $656.11. (See Doc. #38).

The Debtor completed his payments under the confirmed plans, and the Debtor received a discharge on July 20, 2009 as permitted by 11 U.S.C. § 1328.

During the course of the pendency of this bankruptcy case, Wells Fargo filed a Notice of Payment Amount on or about February 28, 2006. The Notice of Payment Amount stated, without explanation or elaboration, that the Debtor's monthly mortgage payment amount was increased to $1,554.70 effective January 1, 2006.[1]

The record indicates that the Notice of Payment Amount violated the Court's order confirming the Debtor's plans, as the Court's standard order states that

---

[1] The Chapter 13 Trustee contends that Wells Fargo's actions (including the submission of a Notice of Payment Amount which lacks any substantiation of the reasons for the purported payment change) violates the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2601-2617.

"Any creditor whose payment changes . . . shall notify Trustee and Debtor at least 20 days prior to the change taking effect." (See e.g. Doc. #52, Order dated November 18, 2004 Confirming Amended Plan at Part IV(c)). The Notice of Payment Amount violated this order because it sought a retroactive change in the Debtor's mortgage payment amount. The Notice of Payment Change also did not include any proposed order; nor did it include a request of a further amendment to the Debtor's plan. Consequently, the Notice of Payment Change was not in compliance with the local procedure in effect at that time which required, in part, that " [t]he proposed order accompanying any motion or pleading that requests an increase in a periodic payment shall set a 15-day deadline for filing an amended plan." (See Court Procedures Manual, Chapter 13 Procedures #9.)

According to Wells Fargo, because the Notice of Payment Change was never implemented, the payments to Wells Fargo became underfunded as the ongoing mortgage payment to Wells Fargo under the amended plan was only $656.11 per month and not $1,554.70.[2] Throughout this case, however, Wells Fargo never brought this underfunding issue before the Court until it filed its motion to vacate.

In fact, the record reflects that because the Debtor complied with the terms of his plans, and made all of the payments required thereunder, the Chapter 13 Trustee filed her Application for Approval of Final Report and Completion of Chapter 13 Plan (the "Application"). (See Doc. #63). The Application, and its

---

[2] Although the docket does not reflect service of the Notice of Payment Change upon the Chapter 13 Trustee, the Court assumes that service of the filing was made upon and received by the Chapter 13 Trustee in the method of service in effect at that time.

proposed order was duly served on counsel for Wells Fargo by electronic notice. It was also served on Wells Fargo itself through the Bankruptcy Noticing Center. The Court would also note that counsel for Wells Fargo is very experienced in these matters, having represented mortgagees in this Court for a number of years. Indeed, a member of counsel's firm used to be the Standing Chapter 13 Trustee in this District and even participated in the drafting of the form Applications and standard orders used by the existing Chapter 13 Trustee to close out completed Chapter 13 cases in this District. In this regard, the standard order approving final Applications contains a provision that states:

> Each and every creditor is bound by the provisions of the completed plan, whether or not the claim of such creditor is provided for by the Plan, and whether or not such creditor has objected to, has accepted or had rejected the plan. All mortgage and other secured debts provided for by the Plan are hereby found to be cured of any and all monetary defaults as of the date of the Trustee's last distribution, and no additional interest, late fees or penalties may be assessed for time periods or payments due prior to that date.

Consistent with the practice adopted in this Court, when the Application was filed in the Debtor's case, Wells Fargo and its legal counsel were served with the following: the Application, the proposed order, and a notice of hearing and objection deadline.[3] Despite having received service of the documents, Wells Fargo did not object to the Application or the proposed order. As a result, the Court approved the Application by way of Order dated July 20, 2009. That Order

---

[3] The Court would note that counsel for Wells Fargo is the person who filed the Notice of Payment Change in this case. The Court would also note that the Application, proposed order and notice of hearing are not particularly complicated documents. In fact, each document is only one page in length.

became final as no motion for reconsideration or appeal was lodged within the time period set forth in the applicable Federal Rules of Bankruptcy or Civil Procedure.

Approximately 110 days later, Wells Fargo moved to reopen this bankruptcy case and sought vacatur of the provisions of the July 20, 2009 order which deemed the Debtor current as of the date of the Chapter 13 Trustee's last distribution.[4]

## II.

In support of its requested relief, Wells Fargo relies on Fed.R.Bankr.P. 9024 (which incorporates Fed.R.Civ.P. 60) and makes several arguments in support of vacatur of the July 20, 2009 Order.[5]

### A.

First, Wells Fargo contends that the Order is unlawful as no cure has occurred in this case as required by 11 U.S.C. § 1322(b). Even if the Court was to accept as true Wells Fargo's claim that no cure has occurred, the Court finds

---

[4] The court granted no less than seven continuances to allow the parties an opportunity to resolve the matter. After the third continuance, the Court was advised that the matter was settled; however, no proposed consent order was forthcoming. Despite the Court's willingness, the parties were unable to work out their differences. The inability to resolve this amicably appears, to some degree, to be the requirements the lender imposed upon the Debtor regarding a loan modification.

[5] The *Motion to Vacate* references Fed.R.Civ.P. Rule 60 but does not set forth a specific subsection of that rule upon which Wells Fargo relies. Wells Fargo was then afforded an opportunity to submit a brief in support of its position. In that regard, Wells Fargo asserted in its brief that Fed.R.Civ.P. 55, as incorporated by Fed.R.Bankr.P. 7055, afforded Wells Fargo with a basis for relief. Fed.R.Civ.P. 55(c), however, predicates relief from default judgments upon the movant demonstrating entitlement to relief pursuant to Fed.R.Civ.P. 60(b). As set forth above, the Court does not find Wells Fargo's motion to be persuasive under Fed.R.Civ.P. 60(b).

that this contention does not warrant vacatur of the July 20, 2009 Order. The fact remains that Wells Fargo had an opportunity to challenge the legal basis for the entry of the July 20, 2009 Order approving the Application. Wells Fargo, however, slept on its rights and did nothing.[6]

Recently, in United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 176 L.Ed.2d 158, 78 USLW 4207 (2010), the United States Supreme Court addressed finality of orders entered in the bankruptcy context. In Espinosa, the Court noted that a judgment is not void merely because it might have been erroneous. The Supreme Court also held that Rule 60 relief is not a substitute for a timely appeal. In light of Espinosa, this Court does not find Wells Fargo's argument to be persuasive. Accord In re Miller, No. 99-25616JAD, 2007 WL 81052 (Bankr. W.D. Pa., Jan. 9, 2007).

**B.**

The second argument raised by Wells Fargo is that vacatur is proper because the Trustee's Application was not captioned, filed or served pursuant to the adversary proceeding rules set forth in Fed.R.Bankr.P. 7004 (as required by Fed.R.Bankr.P. 9014(b)). Wells Fargo's argument here misses the mark.

The fact remains that the failure of the Chapter 13 Trustee to follow the adversary rules does not result in an automatic violation of Wells Fargo's due

---

[6] The instant case is distinguishable from cases like In re Venuto, 343 B.R. 120 (Bankr. E.D. Pa. 2006) and In re Euliano, __ B.R. __, No. 09-30413HJB, 2010 WL 4923649 (Bankr. D. Mass., Nov. 29, 2010) in that those cases did not have a final order entered which determined that the Debtor was current on its mortgage obligations as of the trustee's final distribution.

process rights. Here too, the U.S. Supreme Court held as much. Espinosa, 130 S.Ct. at 1377.[7]

According to Espinosa, the appropriate inquiry in this case is not necessarily whether the procedural rules were precisely followed.[8] Rather, from a due process perspective, the issue is whether Wells Fargo received notice reasonably calculated to apprise itself of the pendency of the action and was afforded an opportunity to object. Id. (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) and Jones v. Flowers, 547 U.S. 220, 225 (2006)).

Under this inquiry, the inescapable conclusion is that Wells Fargo received adequate due process because the Application, proposed order, and notice of hearing were served by way of first class mail directly to Wells Fargo at the address listed on Wells Fargo's proof of claim.[9] In addition, the Court notes that Wells Fargo is no stranger to this Court, as it has participated in many Chapter

---

[7] This Court is mindful of the opinion issued by the United States Court of Appeals for the Third Circuit in SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin, 530 F.3d 230 (3d Cir. 2008)(holding that where Bankruptcy Rules require adversary proceeding, creditor is entitled to such proceeding). The Court notes that the U.S. Supreme Court's decision in Espinosa, which binds this Court, postdates the Mansaray decision.

[8] The Court has assumed for sake of argument that the captioning of the Chapter 13 Trustee's motion papers were incorrect. Nothing in this *Memorandum Opinion* should be construed as an invitation for litigants to ignore the Federal Rules of Civil and Bankruptcy Procedure. The Court fully expects litigants to comply with such rules, as well as our local rules of court. In any event, nothing contained in this *Memorandum Opinion* should be construed as a finding, either positively or negatively, that the process employed by the Chapter 13 Trustee violated the procedural rules cited by the movant.

[9] Wells Fargo's proof of claim states that "Notices Should Be Sent" to its Bankruptcy Department at "Wells Fargo Home Mortgage, Inc., One Home Campus, X2501-01F, Des Moines, IA 50328-0001."

13 cases in this district. As such, the Court does not find convincing Wells Fargo's argument that it lacked any knowledge or understanding of exactly the relief being sought in the Application and its proposed order.

The Court also rejects Wells Fargo's due process challenge because counsel to Wells Fargo was also electronically served with the Application and related papers. See e.g. In re Guterl Special Steel Corp., 316 B.R. 843, 852 (Bankr. W.D. Pa. 2004)(where notice of hearing is served on creditor's attorney of record at time notice and application was filed, creditors due process rights not violated); see also In re Kalikow, 602 F.3d 82, 92 (2d Cir. 2010).[10] Counsel even forwarded the Application and related materials to his client, but received no response or instruction from Wells Fargo in terms of whether counsel should respond or otherwise object to the relief sought. The Court does not see how these uncontroverted facts support a due process violation, when in-fact they suggest that Wells Fargo had meaningful notice and opportunity to respond to the matters at hand. See In re Kalikow, 602 F.3d at 91-92.

## C.

Wells Fargo further argues that the Order should be vacated based on mistake pursuant to Fed.R.Civ.P. 60(a) and 60(b)(1). This argument also fails. There simply was no mistake, clerical or otherwise, at the time the Court entered the Order. The Court entered the Order approving the Application since the

---

[10] The Court further notes that this Court's Electronic Case Filing (ECF) Procedure #9 states that "Electronic transmission of the Notice of Electronic Filing constitutes service of the filed document and notice that it has been filed."

existing plan had been completed, no further amendments to that plan were filed or were pending, and no objections to the Application were filed.

**D.**

The *Motion to Vacate* also makes reference generally to excusable neglect as a basis for relieving a party from a final judgment or order. However, Wells Fargo did not provide any further articulation regarding this basis or suggest that its conduct amounted to neglect, excusable or otherwise. Nevertheless, in the interest of completeness, the Court considers the issue.

Pursuant to Pioneer Inv. Servs. Co. v. Brunswick Assocs Ltd. P'ship, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d. 74 (1993), the determination of whether neglect is excusable is an equitable one, taking into account all relevant circumstances regarding a party's omission. In undertaking this analysis, the Court concludes for a number of reasons that the equities do not support Wells Fargo's claim for relief.

First, there is a danger of prejudice to the Debtor to impose the funding shortfall that has been allowed to accrue by Wells Fargo's extensive period of hibernation. Such prejudice is evident by the fact that more than sixty months have lapsed in this case, and as a matter of law the Debtor is now foreclosed from belatedly curing his alleged defaults as Chapter 13 plans cannot exceed sixty months in duration. See 11 U.S.C. §§ 1322(d)(1) and 1322(d)(2).

Second, even if the Debtor has sufficient time to cure, a finding of excusable neglect would significantly impact these proceedings in that judicial

administration would have to recommence in a case that had been closed. Of course, the Debtor would incur additional legal fees and his discharge would be further delayed. See e.g. 11 U.S.C. § 1328(a)(providing that an ordinary Chapter 13 discharge occurs "after completion by the debtor of all payments under the plan").

Third, there is no explanation or understanding of the reason for delay by Wells Fargo in ensuring that its Notice of Payment Change was addressed. From the scant record in that regard, it would appear that the delay was within the reasonable control of Wells Fargo and it simply failed to act.[11] This failure may be neglect, but nothing exists in the record for which the Court could conclude that it was excusable. See e.g.., In re Eeleasco, Inc., 219 B.R. 649 (N.D.N.Y. 1998)("excusable neglect" not present where movant offers no excuse beyond ignorance of documents in his office's possession for failing to respond).

The final consideration of whether Wells Fargo acted in good faith does not appear relevant here as there is nothing of record to suggest bad faith by Wells Fargo. Rather, for reasons not explained, it appears that Wells Fargo simply did not participate in the final phase of the Debtor's case.

Accordingly, the record does not support a finding of excusable neglect as a basis for granting the *Motion to Vacate*.

### E.

---

[11] According to counsel for Wells Fargo, the Trustee's Application and related papers are typically forwarded by counsel to its client.

Finally, it is this Court's observation that Wells Fargo seeks to lay blame for its current predicament at the feet of either counsel for the Debtor for failing to file an amended plan or the Chapter 13 Trustee for failing to recognize Wells Fargo's Notice of Payment Change. A review of this case, however, shows that Wells Fargo bears some of the responsibility for its situation.

The record reflects that the Notice of Payment Change was filed on February 28, 2006. The Application complained of by Wells Fargo was not filed until June 24, 2009. Therefore, for a period of approximately three years and four months, Wells Fargo received what it considered to be an incorrect payment amount. This incorrect amount was no insignificant sum since the payment change requested an increase of approximately two and one-third times the original payment. Despite not receiving the increased amount, Wells Fargo did not take any action. In fact, no action was taken by Wells Fargo despite the fact that it was not receiving the requested increased amount and despite the fact that it received notice of not only the filings mentioned above but also (a) the Chapter 13 Trustee's Certification of Completion of the Chapter 13 Plan and Final Accounting, (b) the Certification's accompanying order and (c) the Final Decree. (See Doc. ## 72-74).

The Court further notes that the *Motion to Vacate* was not filed until November 11, 2009, almost four months after the entry of the Order approving the Application. At some point prior to this case being closed, Wells Fargo should have become aware internally that its mortgage was not being paid in accordance with its requested increased amount and that this case was proceeding to

conclusion. Wells Fargo, however, did nothing. See In re Foreman, No. 06-81434, 2010 WL 2696630 (Bankr. M.D. N.C., July 7, 2010)(creditor who watched postconfirmation arrearage grow for three years but failed to comply with notification procedure to Trustee or otherwise respond waived right to collect increased amount); see also In re Szostek, 886 F.2d 1405, 1414 (3d Cir. 1989)(a creditor with notice must take active role in protecting its claim).  Under these circumstances, the Court is not persuaded to vacate its prior Order.

*[Remainder of Page Intentionally Left Blank]*

### III.

For the reasons set forth above, the Court shall enter an order which denies the *Motion of Wells Fargo Home Mortgage, Inc. to Vacate the July 20, 2009 Order, In Part, By Striking All Determinations that the Mortgage was Brought Fully Current Both Pre-Petition and Post-Petition as of the Date of the Trustee's Last Distribution.*

February 22, 2011                                /s/Jeffery A. Deller
                                                 Jeffery A. Deller
                                                 U.S. Bankruptcy Judge

case administrator to serve:

Ronda J. Winnecour, Esq., Chapter 13 Trustee
Gary G. Gaertner, Esq., counsel to Movant
Jay B. Jones, Esq., counsel to Movant
Franklin L. Robinson, Jr., counsel to Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In Re:** : | |
| : | |
| **DANIEL E. BORKOWSKI, SR.** : | Bankruptcy No. <u>03-35201JAD</u> |
| a/k/a **DANIEL E. BORKOWSKI,** : | |
| : | |
| Debtor(s) : | Chapter 13 |
| : | |
| ****************************************** : | |
| **WELLS FARGO HOME MORTGAGE,** : | Doc. # 78 |
| **INC.,** : | |
| : | |
| Movant(s), : | |
| v. : | |
| : | |
| **DANIEL E. BORKOWSKI, SR.** : | |
| a/k/a **DANIEL E. BORKOWSKI and** : | |
| **RONDA J. WINNECOUR, Attorney** : | |
| **& Trustee,** : | |
| : | |
| Respondent(s). : | |

## ORDER OF COURT

**AND NOW**, this **22nd** day of **February, 2011**, for the reasons expressed in the Memorandum Opinion entered this date, the Court hereby **ORDERS, ADJUDGES** and **DECREES** that the *Motion of Wells Fargo Home Mortgage, Inc. to Vacate the July 20, 2009 Order, In Part, By Striking All Determinations that the Mortgage was Brought Fully Current Both Pre-Petition and Post-Petition as of the Date of the Trustee's Last Distribution* is **DENIED**.

/s/ Jeffery A. Deller
Jeffery A. Deller
U.S. Bankruptcy Judge

00005434.WPD

case administrator to serve:

Ronda J. Winnecour, Esq., Chapter 13 Trustee
Gary G. Gaertner, Esq., counsel to Movant
Jay B. Jones, Esq., counsel to Movant
Franklin L. Robinson, Jr., counsel to Debtor